(No. 28109.—

Tabin-Picker and Company, Appellant, *vs.* Francis B. Murphy, Director of Labor, (Robert L. Gordon, Successor,) *et al.*—(M. Deyerler *et al.*, Appellees.)

*Opinion filed March 21, 1945.*

JACOBSON, NIERMAN & SILBERT, (DAVID SILBERT, and SIDNEY C. NIERMAN, of counsel,) all of Chicago, for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for the Director of Labor.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This action was started by appellees filing a claim for benefits under the Unemployment Compensation Act. (Ill. Rev. Stat. 1943, chap. 48, par. 217 *et seq.*) On and prior to December 2, 1942, they were employees engaged in the production department of appellant's factory. On said date they recognized a strike order issued by the labor union to which they belonged and voluntarily withdrew from their respective places of employment. Picket lines were formed about appellant's plant and the strike continued for the full period for which benefits are· claimed in this action, namely: December 2, 1942, to January 19, 1943. After the filing of the claims, the cause proceeded under section 9(b) of the act and, in response to the writ of *certiorari* issued out of the circuit court of Cook county, the Director certified what purports to be the entire record. The record thus submitted to the trial court does not show that there was a determination of all the issues necessary for decision in such case. Such deficiency of record is con-

tinued here and prevents us from passing on the single question of law briefed and argued by the parties.

Section 9(b) provides that after a claim is filed, the deputy appointed by the Director shall examine the claim for each benefit year and on the basis of the information obtained shall make a "finding." It directs that "such 'finding' shall be a statement of the amount of wages for insured work paid to the claimant during each quarter in the base period by each employer. On the basis of the 'finding,' the deputy shall decide whether or not such claim is valid under Section 6(e), and, if so valid, shall compute the weekly benefit amount payable to the claimant and the maximum amount payable with respect to such benefit year; and shall promptly notify the claimant, and his most recent employing unit thereof."

Section 6 (par. 222) directs "An unemployed individual shall be eligible to receive benefits with respect to any week only if the director finds that:"—then follows the conditions upon which eligibility to benefits depends, divided into subparagraphs (a), (b), (c), (d) and (e). The requirement of the first paragraph in section 9(b) that the deputy shall decide whether or not such claim is valid under section 6(e), would require a "finding" by the deputy that the employee has "during the base period earned wages for insured work equal to not less than two hundred twenty-five ($225.00) dollars and with respect to base periods beginning on and after January 1, 1941, he has been paid during the base period wages for insured work equal to not less than two hundred twenty-five ($225.00) dollars." The record does not disclose that the deputy made a "finding" in reference to such matters.

Referring to the second paragraph of section 9(b), which prescribes the further duties of the deputy, it will be noted that he shall "for each week with respect to which the claimant claims benefits or waiting period credit, make a 'determination' which shall state whether or not the

claim is valid under Section 7 and subsections (a), (b), (c), and (d) of Section 6, and the sum to be paid the claimant with respect to such week."

It will be noted that by the provisions of the two paragraphs of section 9(b) referred to, it becomes necessary for the deputy to do two things, namely: to make a "finding" of the matters required in the first paragraph including the requirements of section 6(e) and, secondly, to make a "determination" as to whether the claim is valid under section 7 and subsections (a), (b), (c) and (d) of section 6.

The part of the report of the deputy included in the record is limited to a brief finding of fact as to the nature of appellant's business; that there was a strike and appellees' relation to it. It includes as a part of his "determination" the following: "that none of the workers in employment with Tabin-Picker and Company * * * who became unemployed on December 2, 1942, is ineligible for benefits under the provisions of section 7(d) of the Illinois Unemployment Compensation Act. Each of them is eligible for benefits provided he fulfills all other eligibility requirements of the said Act." There is no "finding" or "determination" by the deputy that the requirements of section 6(a), (b), (c), (d), and (e), and the provisions of section 7(a), (b), and (c) were complied with. The statement that each of appellees was eligible for benefits under section 7(d) provided the eligibility was established as to other requirements of the act was a conditional finding.

The findings of the Director's representative on review, after the taking of evidence, did not enlarge upon the points mentioned. His report was limited to an interpretation and construction of section 7(d) and concluded with the recommendation that the appeal of Tabin-Picker and Company be disallowed and that the "determination" of the deputy that none of the workers in employment

with Tabin-Picker and Company who became unemployed on December 2, 1942, is ineligible for benefits under the provisions of section 7(d) of the Unemployment Compensation Act, be affirmed. The order of the Director merely confirmed the report of his representative.

The statutory provisions referred to show that eligibility to benefits is dependent upon several factors. The wording of section 9(b) is such as to make "findings" and "determinations" on these requirements conditions upon which eligibility to benefits must rest. They are grouped, and one condition cannot be said to control eligibility to the exclusion of others. Nor is there any provision whereby a single condition may be the subject of a separate review by the courts. In fact, the act indicates an intent to require "findings" and "determinations" fixing definite liability before there may be a review by the courts. A construction of section 7(d) in this case would not, standing alone, determine eligibility to benefits, and the decision of the deputy confirmed by the Director's representative recognizes such fact, for it is said in the record that claimants are not ineligible to benefits by reason of section 7(d), provided they meet the other eligibility requirements of the act. The record returned by the Director did not show that such other requirements had been met, nor is the evidence incorporated therein sufficient to cover such conditions. Under such condition of the record, a construction of section 7(d), even though favorable to eligibility, would not entitle claimants to benefits until the other conditions upon which eligibility depended had been established. These eligibility conditions cannot be reviewed piecemeal. The record must show, either by "findings," "determinations" or stipulations of the parties, that all such requirements to eligibility have been met. We do not intend to construe the act as requiring the administrative officers authorized to administer it to make "findings" as

to the exact amount due each claimant, unless it is made a special issue in the case. But we do hold that the record shown in the return in response to a *certiorari* writ must show that all the conditions to eligibility for benefits have been incorporated into "findings" and "determinations."

Section 14 (par. 230) directs that on a *certiorari* hearing the court may confirm or set aside the decision of the Board of Review or of the Director, as the case may be. If the decision is set aside and the facts found in the proceedings are sufficient, the court may enter such decision as may be justified by law or the court may remand the cause to the Board of Review or the Director, as the case may be, for further proceedings, and may state the questions requiring further hearing and give such other instructions as may be proper.

The judgment of the circuit court of Cook county is reversed and the cause remanded, with directions to vacate the order quashing the writ and to remand the cause to the Director of Labor, with directions to proceed in accordance with the views expressed.

*Reversed and remanded, with directions.*